# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TOMMIE LEE BAKER, III,

    Plaintiff,

v.

MORENO, et al.,

    Defendants.

Case No. 1:16-cv-01758-AWI-SKO (PC)

**FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED FOR LACK OF JURISDICTION and ORDER REQUESTING ASSISTANCE OF LITIGATION COORDINATOR**

**(Doc. 23)**

**TWENTY-ONE (21) DAY DEADLINE**

    Plaintiff, Tommie Lee Baker, III, is a state prisoner proceeding *pro se* and *informa pauperis* in this civil action pursuant to 42 U.S.C. § 1983. On October 5, 2017, Plaintiff filed a request for court order requiring prison officials to provide access to Plaintiff's legal and personal property. (Doc. 23.) Plaintiff's request is construed as a motion for injunctive relief.

    Federal courts are courts of limited jurisdiction, and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

//

1

Further, the pendency of this action does not give the Court jurisdiction over prison officials in general or over the conditions of Plaintiff's confinement. *Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 492-93; *Mayfield*, 599 F.3d at 969.

Plaintiff does not seek the temporary restraining order and/or preliminary injunction against any of the Defendants in this action. "A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court.*" *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). Thus, Plaintiff's motion must be denied for lack of jurisdiction over the "CDCR staff" who Plaintiff seeks to compel to provide access to his property.

Further, the claims on which Plaintiff proceeds in this action arise from events that occurred at the Substance Abuse Treatment Facility ("SATF") in Corcoran, California. However, Plaintiff was subsequently transferred and is currently housed at the R.J. Donovan Correctional Facility in San Diego, California. Plaintiff, therefore, lacks standing in this action to seek relief directed at remedying his current conditions of confinement at R.J. Donovan. To the extent his motion seeks relief to remedy his conditions of confinement for the time he was at SATF, it was rendered moot upon his transfer to R.J. Donovan. *See Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991).

Plaintiff is not precluded from attempting to state cognizable claims in a new action if he believes his civil rights are being violated beyond his pleadings in this action. The issue is not that Plaintiff's allegations are not serious, or that Plaintiff is not entitled to relief if sought in the proper forum. The seriousness of Plaintiff's accusations concerning Plaintiff's access to his legal and personal property as well as any destruction thereof cannot and do not overcome what is a *jurisdictional* bar. *Steel Co.*, 523 U.S. at 103-04 ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party

invoking federal jurisdiction bears the burden of establishing its existence.") This action is simply not the proper vehicle for conveyance of the relief Plaintiff seeks.[1] The Litigation Office is requested to look into the matter and facilitate Plaintiff's access to his legal property and writing materials consistent with that provided for indigent inmate, as well as his access to the law library and other legal resources as necessary for the pendency of this action.[2]

Accordingly, the Court **HEREBY RECOMMENDS** that Plaintiff's motion for injunctive relief, filed November 3, 2015, be denied for lack of jurisdiction. The Clerk's Office is directed to forward a copy of this order and Plaintiff's motion to the Litigation Coordinator at the R.J. Donovan Correctional Facility in San Diego, California that they might facilitate Plaintiff's access to his legal and personal property.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 19, 2017**           /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's motion also fails to make the requisite showing, supported by admissible evidence, to obtain a preliminary injunction. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20-4, 129 S.Ct. 365, 376 (2008). However, it is unnecessary to reach the merits of Plaintiff's motions in light of the fact that the jurisdictional issue is fatal to his requests for relief. *Summers*, 555 U.S. at 493, 129 S.Ct. at 1149; *Mayfield*, 599 F.3d at 969.

[2] How access is best facilitated in light of Plaintiff's housing status and other custody or classification factors is left to the sound discretion of prison officials.