# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TOMMIE LEE BAKER, III,

    Plaintiff,

v.

MORENO, et al.,

    Defendants.

Case No. 1:16-cv-01758-AWI-SKO (PC)

**ORDER MODIFYING SCHEDULING ORDER STAYING ACTION OTHER THAN REGARDING EXHAUSTION AND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**(Doc. 28)**

**I.    Background**

Plaintiff, Tommie Lee Baker, III, is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds in this action against Correctional Officers Raymond A. Moreno and Mark Evans, as well as Sergeant Choua Yang for retaliation in violation of the First Amendment.

On November 27, 2017, Defendants filed a motion for summary judgment, contending that Plaintiff failed to exhaust available administrative remedies prior to filing suit. (Doc. 27.) Concurrently therewith, Defendants file a motion seeking to stay all discovery and vacate the discovery and scheduling order. (Doc. 28.) While Plaintiff's time to file an opposition has not lapsed, (*see* Docs. 32, 33), Plaintiff will not be prejudiced by the consideration of Defendants' motion since Plaintiff may engage in discovery on the issue of exhaustion, and full discovery will be re-opened as a new Discovery and Scheduling Order will issue if the exhaustion issue is not

1

dispositive.

## II. Modification of Scheduling Order

A party seeking leave of court to amend the schedule of a case must satisfy Federal Rule of Civil Procedure[1] 16(b)'s "good cause" standard. The good cause standard of Rule 16(b) focuses primarily on the diligence of the moving party, *id.*, and the reasons for seeking modification, *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir.2011). If the party seeking to amend the scheduling order fails to show due diligence, the inquiry should end and the court should not grant the motion to modify. *Zivkovic v. Southern California Edison, Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

Here, Defendants have exercised due diligence. The Discovery and Scheduling Order issued on August 30, 2017. (Doc. 18.) On November 27, 2017, Defendants filed their motion for summary judgment based on Plaintiff's asserted failure to exhaust administrative remedies prior to filing suit. (Doc. 27.) Defendants concurrently filed a motion to stay discovery and vacate the deadlines set in the Discovery and Scheduling Order. (Doc. 28.) These motions were timely filed before the November 30, 2017 deadline for filing exhaustion motions.[2]

## III. Stay of Proceedings

A district court has the inherent power to stay its proceedings, or any portion thereof. This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1077 (3d Cir.1983) (holding that the power to stay proceedings comes from the power of every court to manage the cases on its docket and to ensure a fair and efficient adjudication of the matter at hand). This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. In determining whether a stay is warranted, courts consider the potential prejudice to the non-

---

[1] The Federal Rules of Civil Procedure will hereinafter be referred to as "Rule *."

[2] The Court notes that should Defendants' motion for summary judgment be granted, the case will be dismissed. As such, modification of the Discovery and Scheduling Order will avoid wasted resources by the parties and is in the interests of judicial economy.

moving party; the hardship or inequity to the moving party if the action is not stayed; and the judicial resources that would be saved by simplifying the case or avoiding duplicative litigation if the case before the court is stayed. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.1962). The Ninth Circuit "has sustained or authorized in principle *Landis* stays on several occasions." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir.2005).

If Defendants' motion for summary judgment on Plaintiff's exhaustion efforts is granted, the case will be dismissed. As such, it is reasonable to stay discovery other than that related to Plaintiff's exhaustion efforts pending a ruling on Defendants' motion for summary judgment.[3]

**IV. Order**

Based on the foregoing, it is HEREBY ORDERED that Defendants' motion to stay proceedings pending a ruling on their motion for summary judgment on exhaustion issues, filed on November 27, 2017, (Doc. 28), is GRANTED in part. The Discovery and Scheduling Order is MODIFIED to vacate all current deadlines and stay discovery in this action other than that related to Plaintiff's exhaustion efforts.

IT IS SO ORDERED.

Dated: __**December 4, 2017**__       /s/ *Sheila K. Oberto*
                                       UNITED STATES MAGISTRATE JUDGE

---

[3] Although Defense counsel represents that none of the discovery Plaintiff has propounded address his exhaustion efforts, Plaintiff is not precluded from seeking discovery relating his exhaustion efforts under F.R.C.P. 56(d).