# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMIE LEE BAKER, III,<br><br>  Plaintiff,<br><br>  v.<br><br>RAYMOND A. MORENO, et al.,<br><br>  Defendants. | 1:16-cv-01758-AWI-SKO (PC)<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FOR FAILURE TO PROSECUTE**<br><br>**(Docs. 27, 29)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff, Tommie Lee Baker, III, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On November 27, 2017, Defendants filed a motion for summary judgment under Federal Rule of Civil Procedure 56 asserting Plaintiff's failure to exhaust administrative remedies prior to filing suit. (Doc. 27.) On November 28, 2017, a Second Informational Order issued informing Plaintiff of the requirements to oppose a motion for summary judgment as well as his duty to file either an opposition or a statement of non-opposition and was ordered to file either responsive document within twenty-one (21) days. (Doc. 29.) More than a month has lapsed without Plaintiff filing either pleading.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a

court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause **within twenty-one (21) days** of the date of service of this Order why the action should not be recommended for dismissal due to his failure comply with the Court's order and his failure to prosecute this action. Alternatively, within that same time period, Plaintiff may file an opposition or a statement of non-opposition to Defendants' motion for summary judgment.

IT IS SO ORDERED.

Dated: **January 10, 2018**　　　　　　　　/s/ *Sheila K. Oberto*
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE