# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY LEE BAKER, III,<br><br>        Plaintiff,<br><br>   v.<br><br>MORENO, et al.,<br><br>        Defendants. | **Case No. 1:16-cv-01758-AWI-SKO (PC)**<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS CASE FOR FAILURE TO PROSECUTE AND OBEY THE COURT'S ORDERS**<br><br>**(Docs. 29, 32)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff, Tommy Lee Baker, III, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On November 27, 2017, Defendants filed a motion for summary judgment contending that Plaintiff failed to comply with the Prison Litigation reform Act ("PLRA"). 42 U.S.C. § 1997e(a), by exhausting available administrative remedies prior to filing suit. (Doc. 27.) Defendants provided Plaintiff notice and warning of the requirements for preparing his opposition in compliance with *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 960-61 (9th Cir. 1998); *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988). (Doc. 27-1.)

The Court issued the Amended Second Informational Order that same date reminding Plaintiff of those requirements. The Court noted that Plaintiff's opposition or statement of non-opposition must be filed not more than twenty-one days after service of Defendants' motion. (Doc. 29.) That order further warned Plaintiff that if he did not file "**an opposition or a statement of non-opposition to the motion, this action may be dismissed, with prejudice, for**

1

**failure to prosecute as well as his failure to obey the Court's order and the Local Rules**." (*Id.*, 1:25-2:1 (emphasis in original).) More than twenty-one (21) days have passed from the service of Defendants' motion without Plaintiff having filed an opposition or a statement of non-opposition.

Accordingly, on January 11, 2018, an order issued for Plaintiff to show cause within twenty-one days (21) why this action should not be dismissed based on his failure to comply with the Court's November 28, 2017 order and for failure to prosecute this action. (Doc. 32.) Alternatively, Plaintiff was allowed to file an opposition or statement of non-opposition. (*Id.*) Plaintiff has neither complied with, nor responded to the November 28, 2017 Amended Second Informational Order or to the January 11, 2018 order to show cause.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rules); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing its ever burgeoning docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a Court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424. As noted above, the Court's order requiring Plaintiff to file an opposition or statement of non-opposition to Defendants' motion for summary judgment expressly warned that the action may be dismissed with prejudice for failure to prosecute if Plaintiff failed to file an opposition or statement of non-opposition. (Doc. 29, 1:25-2:1.) The order to show cause issued on January 11, 2018, also required Plaintiff to explain why dismissal should not be recommended based on his failure to prosecute this action, and provided Plaintiff another opportunity to respond to Defendants' motion. (Doc. 32.) Thus, Plaintiff had more than adequate opportunity to oppose Defendants' motion and sufficient warning that dismissal may result from his noncompliance with the Court's orders.

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed with prejudice based on Plaintiff's failure to obey the Court's orders of November 28, 2017, (Doc. 29), and January 11, 2018, (Doc. 32).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the

3

specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 16, 2018**     /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE